UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES JAJDELSKI,<br><br>          Plaintiff/Relator,<br><br>v.<br><br>KAPLAN, INC.,<br><br>          Defendant. | Case No. 2:05-CV-01054-KJD-(GWF)<br><br>**ORDER** |

Presently before the Court is Plaintiff Charles Jajdelki's ("Plaintiff") Motion for Leave to File an Amended Complaint (#94) to which Defendant Kaplan, Inc. ("Defendant") filed a Response (#102). Also before the Court is Defendant's Motion to Dismiss (#70). Plaintiff's Motion for Leave to Amend (#94) stands as a Response to the Motion to Dismiss (#70). Also before the Court is Plaintiff's Motion to Sever and Transfer (#90/91), to which Defendant filed a Response (#92).

**I. Facts and Procedural History**

Plaintiff, a *qui tam* relator, originally filed this action in the Southern District of California on June 23, 2004, alleging that Defendant had violated the United States False Claims Act ("FCA") through actions taken by Heritage College in Las Vegas, Nevada. Plaintiff also alleged that Defendant was liable for retaliation and wrongful termination ("employment claims") under

California law for terminating Plaintiff's employment because he was investigating the alleged actions of Defendant.

Defendant owns and operates postsecondary educational and vocational institutions throughout the United States and maintains an office in San Diego, California. On May 8, 2003, Defendant purchased Heritage College ("Heritage"), a career-oriented postsecondary school founded in 1990 in Las Vegas, Nevada. Prior to this acquisition, Defendant had no ownership interest in Heritage. Defendant also owns Maric College, a postsecondary institution in San Diego, California. In early 2003, Plaintiff was hired to work at Defendant's San Diego office. In August 2003 Plaintiff was transferred to Heritage College. However, he maintained his domicile in San Diego, California. Plaintiff alleges that on or about October 25, 2003, he discovered information showing that Heritage had violated the FCA by filing fraudulent student financial aid requests. Plaintiff claims employees and officers of Kaplan also had personal knowledge of these alleged fraudulent actions; however Plaintiff failed to provide specific allegations regarding the time frame in which the employees acquired such knowledge. Plaintiff amended his initial Complaint once in July 2004 and again in December 2004, but did not expand his claims beyond the original FCA and employment claims. In August 2005, pursuant to Plaintiff's request, this case was transferred to the District of Nevada. Then, on November 29, 2007, Plaintiff filed a third Amended Complaint,[1] which once again, did not expand the original FCA and employment claims. Nearly a year later, on November 4, 2008, the Department of Justice made a determination not to intervene in this action, leaving Plaintiff to pursue the matter on his own.

In May 2009, in response to Plaintiff's third Amended Complaint, Defendant filed a Motion to Dismiss, arguing that Plaintiff had failed to provide any allegations making Defendant responsible for the allegedly fraudulent activity at Heritage. That same month, on May 13, 2009, Plaintiff filed a motion with the MDL Panel, seeking to have this case transferred to the Southern District of Florida

---

[1] Although this Complaint was filed as the "First Amended Complaint," (see #44), it is actually the third Amended Complaint filed by Plaintiff in this case.

2

to be consolidated with three other cases pending against Kaplan. Although the MDL Panel transferred the three other cases to Florida in June 2009, it declined to transfer this case on the grounds that this case was simply a "potential tag-along action," and on April 14, 2010 the MDL Panel officially denied Plaintiff's transfer request.

Prior to his unsuccessful attempt to have this case transferred to the MDL court, Plaintiff filed a Motion to Sever and Transfer on December 12, 2009, seeking to sever the employment claims from the FCA claims and have them transferred to the Southern District of California. Then on January 5, 2010, the final deadline for filing a response to Defendant's Motion to Dismiss, Plaintiff filed a fourth Amended Complaint,[2] in which he added, for the first time in the nearly six year history of this action, a claim alleging new incentive compensation violations. Plaintiff did not, however, state when he first learned of the alleged facts supporting these incentive compensation claims. The fourth Complaint is intended to serve as Plaintiff's Response to Defendant's Motion to Dismiss, attempting to cure the defects described in Defendant's Motion. Thus, still pending before the Court is Defendant's Motion to Dismiss and Plaintiff's Motion to Sever and Transfer, as well as Plaintiff's Motion for Leave to Amend.

**II. Analysis**

    **A. Plaintiff's Motion for Leave to Amend**

Although the Court should "freely give leave [to amend] when justice so requires," Plaintiff's Motion for Leave to File an Amended Complaint must be denied as to the incentive compensation claims because the proposed amendment would create undue delay and is sought in bad faith and for a dilatory purpose. Additionally, Plaintiff's proposed amendment is futile because it is barred under the statute of limitations of the FCA.

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." FED. R. CIV. P. 15(a). Rule

---

[2] Although this proposed Amended Complaint was filed as the "Proposed Second Amended Complaint," it is actually the fourth Amended Complaint filed by Plaintiff in this case.

3

1  15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." FED. R.
2  CIV. P. 15(a)(2). Under this standard, there is a general "policy to permit amendment with 'extreme
3  liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band
4  of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). This "extreme liberality" is
5  tempered, however, by other considerations. Thus, "[w]hen considering a motion for leave to
6  amend, a district court must consider whether the proposed amendment results from undue delay, is
7  made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." Id. (citing
8  Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Forsyth v. Humana, Inc., 114 F.3d 1467, 1482
9  (9th Cir. 1997). The reviewing court should also consider the futility of the proposed amendment.
10 See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman, 371
11 U.S. at 182). Where there is undue prejudice to the opposing party, see Eminence, 316 F.3d at 1052,
12 or futility of amendment, see Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), such factors can,
13 by themselves, "justify the denial of a motion for leave to amend," id. Additionally, where there is
14 "a strong showing of any of the remaining . . . factors" denial of a motion for leave to amend is also
15 justified. Eminence, 316 F.3d at 1052.

16  Plaintiff's Motion for Leave to Amend must be denied because it would create undue delay.
17 Plaintiff originally filed this action in the Southern District of California on June 23, 2004. Since
18 that time Plaintiff has amended his complaint on four separate occasions, yet Plaintiff failed to raise
19 any incentive compensation claims until the present motion, which was filed nearly six years after
20 the initial complaint. The acts alleged occurred before Kaplan acquired Heritage in May of 2003.
21 Although Plaintiff should have known of the facts related to these new incentive compensation
22 claims at the time his initial Complaint was filed, he waited to raise these claims until the MDL
23 Panel initial rejected his initial request to transfer this case to Florida. A comparison of the language
24 in Plaintiff's Proposed Amended Complaint and the language found in the pleadings of the three
25 cases now pending in Florida makes it clear that Plaintiff's Motion for Leave to Amend is an attempt
26 to make his case appear more similar to the cases already transferred by the MDL Panel. Granting

this amendment, which adds entirely new claims to this action, would cause undue delay by extending discovery and by further prolonging the resolution of the claims originally filed by Plaintiff in 2004. Additionally, granting this Motion for Leave to Amend would unduly prejudice the Defendant by requiring Kaplan to defend itself against new allegations that could have been raised in the initial complaint but were not. Allowing such a significant addition to the claims against Defendant at this late stage in this case would put a highly prejudicial burden on Kaplan.

Additionally, Plaintiff's Motion for Leave to Amend must be denied because it was filed in bad faith and for a dilatory purpose. An amended pleading may have been brought in bad faith where the party is attempting to deprive a court of jurisdiction. See Sorosky v. Burroughs, 826 F.2d 794 (9th Cir. 1987). The timing of this Motion for Leave to Amend raises significant questions about Plaintiff's motives. This proposed amendment not only represents a bad faith attempt on the part of the Plaintiff to improperly influence jurisdiction, it also represents an attempt to unnecessarily delay resolution of this case in an effort influence the MDL Panel.

Finally, Plaintiff's Motion for Leave must also be denied because it is futile. "Leave to amend need not be granted when it would be futile to do so." FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994). Futility arises "when leave is sought to add a claim upon which the statute of limitations has run." Id. The FCA includes a six-year statute of limitations. 31 U.S.C. § 3731(b)(1). Because Plaintiff's incentive compensation claims do not arise "out of conduct, transaction, or occurrence set forth – or attempted to be set out – in the original pleading," and therefore, do not relate back to the date of the original complaint in this action, Plaintiff's proposed amendment is barred by the statute of limitations and is therefore futile. FED. R. CIV. P. 15(c)(1)(B). For these reasons, Plaintiff's Motion for Leave to Amend is denied.

**B. Defendant's Motion to Dismiss**

Defendant's Motion to Dismiss must be granted as to Plaintiff's FCA claims because Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b), which applies to claims under the FCA. Under Rule 9(b), for claims involving fraud, such as Plaintiff's FCA claims, "a party must

state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). These heightened requirements may be met by making allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666 672 (9th Cir. 1993)). Such allegations must "state the time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]." Schreiber Distrib. Co. v. Serve-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff has failed to meet these pleading requirements.

 Despite amending his claims on several occasions, including his most recent Motion for Leave to Amend, Plaintiff has failed to meet the heightened pleading standard required of claims of fraud under Rule 9(b). At no point has Plaintiff stated his allegations with sufficient specificity related to time, place, and the identity of the parties to the alleged fraud to "give [Kaplan] notice of the particular misconduct which is alleged to constitute the fraud charged." Each of Plaintiff's fraud allegations occurred, according to the information provided in Plaintiff's Complaints, at times prior to Defendant Kaplan acquiring Heritage in May 2003. Under the standards governing successor liability, Defendant cannot be held liable for those activities as alleged in Plaintiff's Complaint. "Ordinarily 'a corporation which purchases the assets of another corporation does not thereby become liable for the selling corporation's obligations,'" Lessard v. Applied Risk Mgmt. 307 F.3d 1020, 1027 (9th Cir. 2002), unless certain exceptions are satisfied, see E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 747–748 (7th Cir. 1994); Lessard, 307 F.3d at 1027. Generally, two conditions must be met in order for successor liability to take effect. First, "the successor [must have] had notice of the claim before the acquisition." E.E.O.C., 39 F.3d at 748. Second, "there [must] be substantial continuity in the operation of the business before and after the sale." Id. Additionally, courts may allow for successor liability "for mergers fraudulently executed to avoid the predecessor's liabilities, . . . or for transactions where the purchaser has specified which liabilities it intends to assume."

1 Lessard, 307 F.3d at 1027 (citing Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1425 (7th Cir. 1993).

In this case, Plaintiff has failed to provide any specific allegations related to time, place, or the parties involved, demonstrating that Defendant Kaplan, as a successor to Heritage, had notice of the claim or the actions out of which it arises prior to the acquisition of Heritage in May 2003. Additionally, Plaintiff has not provided specific allegations demonstrating that Defendant Kaplan continued to conduct the alleged fraudulent activities following its acquisition of Heritage. Nor has Plaintiff alleged that the acquisition of Heritage was "fraudulently executed to avoid the predecessor's liabilities" or that Defendant specified an intention to assume the possible liabilities of Heritage. Based on this failure to meet the heightened pleading requirements of Rule 9(b), by providing specific allegations of time, place, and involvement of Defendant in the alleged fraud, Defendant's Motion to Dismiss is granted and Plaintiff has ten days from the filing of this order to amend his Complaint to cure the defects of his original FCA claims.

**C.  Plaintiff's Motion to Sever**

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Although this language does, in fact, allow a court to "sever any claim against a party," the rule must be read in conjunction with Rule 42(b), which authorizes the separate trial of any claim, crossclaim, or third party claim, as well as any of the issues therein, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. FED. R. CIV. P. 42(b). In such situations, a court may determine, on just terms, that severance of certain claims would provide a more efficient and convenient process for the courts and the parties involved. None of those factors have been show to be present in this case. Were severance granted, significant inefficiency and inconvenience would result. Plaintiff's Motion to Sever is denied.

### D. Plaintiff's Motion to Transfer

Plaintiff's Motion to Transfer is denied without prejudice, pending Plaintiff's final opportunity to amend his FCA claims. Should Plaintiff choose not amend these claims, the Court will again entertain a motion to transfer.

### E. Summary

Plaintiff's Motion for Leave to Amend, seeking to add the incentive compensation claims, is denied. Defendant's Motion to Dismiss is granted; however, Plaintiff shall have ten days to file an amended complaint curing the defects in the FCA claims only. The amended complaint should be labeled "Fourth Amended Complaint" and should not contain incentive compensation claims. Plaintiff's Motion to Sever is denied. Plaintiff's Motion to Transfer is denied as moot. Should Plaintiff choose not to file an amended complaint, the Court will entertain a motion to transfer the employment claims to California.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (#94) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#70) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint curing the defects identified in his FCA claims within ten (10) days of the entry of this order;

IT IS FURTHER ORDERED that Plaintiff's Motion to Sever (#90/91) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Transfer (#90/91) is **DENIED as moot**.

DATED this 7th day of June 2010.

_____
Kent J. Dawson
United States District Judge