# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE UNITED STATES OF AMERICA *ex rel*. CHARLES JAJDELSKI,

    Plaintiff/Relator,

v.

KAPLAN, INC.,

    Defendant.

Case No. 2:05-CV-01054-KJD-GWF

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss (#121). Plaintiff filed an Opposition (#123) to which Defendant filed a Reply (#124). Specifically, Defendant seeks that the Court dismiss with prejudice Plaintiff's cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted.

**I. Background**

    Plaintiff, a *qui tam* relator, originally filed this action in the Southern District of California on June 23, 2004, alleging that Defendant had violated the United States False Claims Act ("FCA") through actions taken by Heritage College in Las Vegas, Nevada. Plaintiff also alleged that Defendant was liable for retaliation and wrongful termination under California law for terminating Plaintiff's employment because he was investigating the alleged actions of Defendant.

    Defendant owns and operates post-secondary educational and vocational institutions

throughout the United States and maintains an office in San Diego, California.  On May 8, 2003, Defendant purchased Heritage College ("Heritage"), a post-secondary school founded in 1990 in Las Vegas, Nevada.  Prior to this acquisition, Defendant had no ownership interest in Heritage.  Defendant also owns Maric College, a post-secondary institution in San Diego, California.  In early 2003, Plaintiff was hired to work at Defendant's San Diego office.  In August 2003 Plaintiff was transferred to Heritage College.  However, he maintained his domicile in San Diego, California.  Plaintiff alleges that on or about October 25, 2003, he discovered information showing that Heritage had violated the FCA by filing fraudulent student financial aid requests.  Plaintiff claims employees and officers of Kaplan also had personal knowledge of these alleged fraudulent actions; however, Plaintiff failed to provide specific allegations regarding the time frame in which the employees acquired such knowledge.  Plaintiff amended his initial Complaint once in July 2004 and again in December 2004, but did not expand his claims beyond the original FCA and employment claims. In August 2005, pursuant to Plaintiff's request, this case was transferred to the District of Nevada.  Then, on November 29, 2007, Plaintiff filed a Third Amended Complaint, which once again, did not expand the original FCA and employment claims.  Nearly a year later, on November 4, 2008, the Department of Justice made a determination not to intervene in this action, leaving Plaintiff to pursue the matter on his own.

In May 2009, in response to Plaintiff's Third Amended Complaint, Defendant filed a Motion to Dismiss, arguing that Plaintiff had failed to provide any allegations making Defendant responsible for the allegedly fraudulent activity at Heritage.  That same month, on May 13, 2009, Plaintiff filed a motion with the MDL Panel, seeking to have this case transferred to the Southern District of Florida to be consolidated with three other cases pending against Kaplan.  Although the MDL Panel transferred the three other cases to Florida in June 2009, it declined to transfer this case on the grounds that this case was simply a "potential tag-along action," and on April 14, 2010 the MDL Panel officially denied Plaintiff's transfer request.  Prior to his unsuccessful attempt to have this case transferred to the MDL court, Plaintiff filed a Motion to Sever and Transfer on December 12, 2009,

seeking to sever the employment claims from the FCA claims and have them transferred to the Southern District of California. Then on January 5, 2010, the final deadline for filing a response to Defendant's Motion to Dismiss, Plaintiff filed a Fourth Amended Complaint, in which he added, for the first time in the nearly six year history of this action, a claim alleging new incentive compensation violations.

The Court denied the Motion to Transfer and Sever and the Motion for Leave to File an Amended Complaint, and granted Kaplan's Motion to Dismiss. In issuing the Order (#112), the Court permitted Plaintiff one final attempt to plead a valid FCA cause of action against Kaplan (to be called the "Fourth Amended Complaint"), but ordered that the newly amended complaint cure only the defects in the FCA claims and was not to contain incentive compensation claims nor addition new claims. Plaintiff filed his Fourth Amended Complaint (#116) on June 18, 2010. Defendant then filed its currently pending Motion to Dismiss (#121) on July 21, 2010.

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

3

Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Iqbal, 129 S. Ct. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

**III. Analysis**

Defendant's Motion to Dismiss must be granted as to Plaintiff's FCA claims because Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b), which applies to claims under the FCA.  Under Rule 9(b), for claims involving fraud, such as Plaintiff's FCA claims, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  These heightened requirements may be met by making allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).  Such allegations must "state the time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]." Schreiber Distrib. Co. v. Serve-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  Plaintiff has failed to meet these pleading requirements.

Despite being permitted to amend his claims on multiple occasions, Plaintiff has again failed to meet the heightened pleading standard required of claims of fraud under Rule 9(b).  At no point has Plaintiff stated his allegations with sufficient specificity relating to time, place, and the identity of the parties to the alleged fraud to put Kaplan on notice of the "particular misconduct which is alleged to constitute the fraud charged."  Nowhere does Plaintiff identify the false claims that were

submitted to the Government, or when or where these false claims were submitted or even by whom. According to the information provided in Plaintiff's previous and most recent complaint, all of Plaintiff's fraud allegations occurred at times prior to Defendant acquiring Heritage in May 2003. Under the standards governing successor liability, Defendant cannot be held liable for those activities as alleged in Plaintiff's Complaint.

"Ordinarily 'a corporation which purchases the assets of another corporation does not thereby become liable for the selling corporation's obligations,'" Lessard v. Applied Risk Mgmt., 307 F.3d 1020, 1027 (9th Cir. 2002), unless certain exceptions are satisfied, see E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 747–48 (7th Cir. 1994); Lessard, 307 F.3d at 1027. Generally, two conditions must be met in order for successor liability to take effect. First, "the successor [must have] had notice of the claim before the acquisition." E.E.O.C., 39 F.3d at 748. Second, "there [must] be substantial continuity in the operation of the business before and after the sale." Id. Additionally, courts may allow for successor liability "for mergers fraudulently executed to avoid the predecessor's liabilities, . . . or for transactions where the purchaser has specified which liabilities it intends to assume." Lessard, 307 F.3d at 1027 (citing Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1425 (7th Cir. 1993).

In this case, Plaintiff has again failed to provide sufficiently specific allegations relating to the time, place, or parties involved, demonstrating that Defendant, as a successor to Heritage, had notice of the claim or the actions out of which it arises prior to the acquisition of Heritage in May 2003. Additionally, Plaintiff has not provided sufficiently specific allegations demonstrating that Defendant continued to conduct the alleged fraudulent activities following its acquisition of Heritage. Nor has Plaintiff alleged that the acquisition of Heritage was "fraudulently executed to avoid the predecessor's liabilities" or that Defendant specified an intention to assume the possible liabilities of Heritage. Plaintiff failed to cure his FCA claims and they remain unsubstantiated and comprised of general and conclusory allegations. Based on this failure to meet the heightened pleading requirements of Rule 9(b), by providing specific allegations of time, place, and involvement of

5

Defendant in the alleged fraud, Defendant's Motion to Dismiss must be granted. The Court need not take notice of Plaintiff's new allegations brought in his most recent complaint as they are irrelevant and do not assist in curing the existing defects of Plaintiff's FCA claims.

The Court declines supplemental jurisdiction on the remaining state claims and, in considering the multiple attempts by Plaintiff to sufficiently plead and the consistent inability to do so, the action is dismissed without leave to amend.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** the Defendant's Motion to Dismiss (#121) is **GRANTED** and Plaintiff's action is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 7th day of July 2011.

_____
Kent J. Dawson
United States District Judge