UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES JAJDELSKI,<br><br>        Plaintiff/Relator,<br><br>    v.<br><br>KAPLAN, INC.,<br><br>        Defendant. | CASE NO. 2:05-CV-01054-KJD-(GWF)<br><br>**CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

Gibson, Dunn &
Crutcher LLP

## CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

This matter comes before the Court on joint motion and stipulation by Plaintiff Charles Jajdelski ("Jajdelski") and Defendant Kaplan, Inc. ("Kaplan") (collectively the "Parties").  Pursuant to Rule 26 of the Federal Rules of Civil Procedure and consistent with applicable law, and for good cause shown, the Parties hereby request that the Court enter the following stipulated protective order ("Protective Order").

The Parties anticipate that the discovery phase of this action may involve disclosure of confidential, private, and proprietary documents and information relating to the Parties, employees of Parties, current and former students, or other third parties, including without limitation, student grades, attendance records, and financial records; personnel information relating to employees; and confidential and proprietary business information.  Certain student information is also protected from disclosure by various statutes.  Accordingly, the purpose of this Protective Order is to limit the use of such information exchanged during the discovery process.  The Parties agree that good cause exists for this Stipulated Protective Order to preserve the legitimate proprietary and privacy interests of sources of information that have not been released to the public and which the Parties may mutually seek production of through their respective discovery requests.  The Court specifically finds that good cause exists for this Protective Order.

## I.   SCOPE

A.     This Stipulated Protective Order shall govern the disclosure and use of documents and information produced in connection with this action as well as the disclosure of privileged information. All information produced  or obtained in connection with this action (including but not limited to documents and things, written discovery responses, deposition transcripts and deposition videos) shall be used solely for the prosecution or defense of this action unless the information is available to the general public, whether or not that information has been designated Confidential or Confidential Personal Information in accordance to the terms discussed herein.  The measures designated by the Parties in this Protective Order are reasonable and, at this time, are not anticipated to prejudice anyone or unduly burden the Court.

Gibson, Dunn &
Crutcher LLP

2

**B.**     This Protective Order is intended to preserve and maintain the confidentiality of documents, information, discovery responses, deposition testimony, and other produced materials, including Electronically Stored Information, that contain Confidential or Confidential Personal Information, either because they are protected by privacy rights or because they contain sensitive, proprietary, trade secret information.

**C.**     By entering into this Protective Order, the Parties do not intend to waive any objections, including as to discoverability, admissibility or authenticity of Confidential or Confidential Personal Information or documents containing that information, nor does this Protective Order in any way obligate any Party to produce any specific information, documents, or records which a Party deems inappropriate for production.

**D.**     The agreement of the Parties to this Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as Confidential or Confidential Personal Information is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the relevance, admissibility, authenticity, competency, or materiality of any document or thing designated as confidential.

## II.     PRIVILEGED INFORMATION

**A.**     Some of the documents and information related to this action may contain attorney-client privileged communications, attorney work product, or other information protected as "privileged" under the applicable law and not subject to discovery under applicable law ("Privileged Information").

**B.**     The inadvertent disclosure of any document by either Party in this action, through material, electronic, or any other means, which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Information, and for which no express intention to affirmatively waive the privilege has been stated, shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing Party, upon becoming aware of the disclosure, promptly

1   requests its return.  Each Party shall take reasonable precautions to avoid the inadvertent disclosure

2   of Privileged Information.

3           **C.**   Except in the event that the requesting Party disputes the claim, any document which

4   the producing Party produced in this action and deems to contain inadvertently disclosed Privileged

5   Information shall be, upon written request, returned to the producing Party or destroyed at the

6   producing Party's option within five business days of receipt of the request.  This includes all copies,

7   electronic or otherwise, of any such documents, as well as those copies that were provided by the

8   requesting Party to any other parties or non-parties (including, but not limited to, vendors who may

9   have performed services at the direction of the requesting Party).  In the event that the producing

10  Party requests destruction, the requesting Party shall provide written certification of compliance

11  within 30 days of such written request.

12          **D.**   In the event that the requesting Party disputes the producing Party's claim as to the

13  protected nature of the inadvertently disclosed information, a single set of copies may be sequestered

14  and retained by and under the control of the requesting Party for the sole purpose of seeking court

15  determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

16          **E.**   Any such Privileged Information inadvertently disclosed by the producing Party to the

17  requesting Party shall be and remain the property of the producing Party.

18          **III.**   **CONFIDENTIAL INFORMATION**

19  **A.**   **Designation of Confidential Information**

20          **1.**   Any Party or non-party may designate as Confidential any document or response to

21  discovery which that Party or non-party considers in good faith to contain non-public information

22  involving trade secrets, confidential business or financial information, educational information, or

23  any other confidential, proprietary or otherwise sensitive information that is subject to protection

24  under any applicable federal or state law ("Confidential Information" or "Confidential Documents").

25          **2.**   Any Party or non-party may designate as Confidential pursuant to this Protective

26  Order any originals and copies of documents, writings, materials, discovery responses, deposition

27  testimony, or things, of any kind (including without limitation materials electronically stored or

28  generated and graphic materials of any type) produced or obtained in discovery, whether from a Party

1  or non-party by marking it Confidential, and informing the other Party in writing.  Material

2  designated as Confidential includes all copies as well as any work product containing information

3  derived from such material (for example, charts or memos created by attorneys summarizing or

4  analyzing the contents of Confidential materials).  The parties will use good faith in making such

5  designations.  Each page designated as Confidential shall bear either a stamp designating the relevant

6  page "Confidential" or an appropriate confidentiality legend.

7        **3.**     Except with the prior written consent of the Party originally designating a document or

8  discovery response as Confidential, or as hereinafter provided in section IIIB(1), Confidential

9  Information may not be disclosed to any person not associated with this action, including, but not

10  limited to, any Party, law firm, or their agents involved in other litigation.  Documents or information

11  designated as Confidential may be used solely for the purpose of this litigation.

12  **B.**    **Permissible Disclosures of Confidential Information or Confidential Documents**

13        **1.**     Notwithstanding section IIIA(3), Confidential Information may be disclosed to the

14  following persons, but only to the extent necessary for this litigation:

15          (a)     counsel for the respective Parties to this litigation, including in-house counsel

16  and their assistants, associates, paralegals, clerks, stenographic personnel, and human resources

17  administrators and staff, assigned to and necessary to assist such counsel in the preparation or trial of

18  this action;

19          (b)     employees of such counsel acting at the direction of counsel, and assigned to

20  and necessary to assist such counsel in the preparation or trial of this action;

21          (c)     Plaintiff (to the extent deemed necessary by counsel for the prosecution of this

22  litigation), and Kaplan and its representatives (to the extent deemed necessary by counsel for the

23  defense of this litigation);

24          (d)     consultants or expert witnesses retained by the Parties for this litigation,

25  provided that each such person shall be provided a copy of this Stipulated Protective Order, be

26  informed of its contents, and execute a copy of the Certification annexed to this Stipulated Protective

27  Order as Exhibit A before being shown or given any Confidential Information;

28          (e)     any authors or recipients of the Confidential Information;

Gibson, Dunn &
Crutcher LLP

(f)     any person to whom the Confidential Information belongs or relates;

(g)     the Court, Court personnel, and any court reporter used during depositions;

(h)     mediator(s) retained by the parties, including any agent of the mediator(s);

(i)     witnesses.

Prior to showing a witness (other than a person described in IIB(1)(e), or (f) Confidential Information, such witness shall be provided a copy of this Stipulated Protective Order, be informed of its contents, and execute a copy of the Certification annexed to this Stipulated Protective Order as Exhibit A before being shown or given any Confidential Information.  Witnesses shown Confidential Information shall not be allowed to retain copies and shall not use the Confidential Information for any purpose unrelated to this litigation.

**C.      Objections to Confidential Information**

1.      In the event the non-designating Party disagrees with the designation by the producing Party of any Confidential Information, the objecting Party must notify the designating Party, in writing, of its objection that the designation does not comport with the standards set forth in this Protective Order or the law of this Court.  If the parties fail to resolve such dispute informally within 14 days of the objecting party's written notice, the objecting Party may file a motion with the Court to determine the propriety of the designation.

2.      The information designated as Confidential that is the subject of such motion shall be treated in accordance with its confidential designation pending the Court's decision, and any appeals or writs from the Court's decision.

**D.      Confidential Information in Depositions and Written Discovery**

1.      A Party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material at the designating party's sole expense.  The court reporter shall include the appropriate confidentiality legend on any transcript, testimony, or exhibit so designated by a Party at the time of the deposition and separately bind any confidential portions.

**E.    Confidential Documents in Legal Proceedings**

1.    Confidential Information may be filed with the Court.  Before filing any document under seal, counsel for the filing Party, where practicable, shall make reasonable efforts to redact any Confidential Information and file such redacted copies for the public record.  Should any party have good cause to seal from public view any Confidential Information that is filed with the Court, that Party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Ninth Circuit case law regarding filing under seal.  Should any party have reason to file with the Court Confidential Information that has been designated as such by the other party, the filing party shall file such Confidential Information provisionally under seal.  After the Confidential Information has been filed under seal, and notice thereby provided to the designating party, the designating party (the non-filing party) shall, within seven (7) business days file with the Court either (a) a motion requesting that the document be maintained under seal, which motion will be granted only for good cause shown under applicable law, or (b) a notice of withdrawal of confidential designation thereby allowing the seal to be lifted, or (c) a request for other appropriate relief.  The sole purpose of this provision is to prevent irreparable harm to parties and non-parties due to disclosure that would occur during any delay between the public filing and the entry of an order on a subsequent motion to seal.  The Parties agree to serve opposing counsel by email a complete copy of any materials filed redacted or under seal immediately after filing, in order to avoid delay in receipt of these filings by opposing counsel and the necessity of service by regular mail.

2.    To the extent that any Confidential Information must be filed under seal, the Party so using the document will file the Confidential Document with the Court in strict accordance with Local Rules with documents appropriately designated.

3.    The use of Confidential Information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

## IV.   CONFIDENTIAL PERSONAL INFORMATION

**A.   Designation of Confidential Personal Information**

   1.   The Parties anticipate that the discovery phase of this action may involve disclosure of confidential personal information protected by various state and federal privacy laws, including, but not limited to, medical information, student records, personnel information, social security numbers, and home addresses ("Confidential Personal Information").  Due to the private and confidential personal nature of these materials, a Court Order requiring that the documents or information be produced under a "Confidential Personal Information" designation is appropriate.

   2.   Any Party or non-party may designate as Confidential Personal Information medical information, student records or personnel files that have or shall be requested in this litigation, as well as any document, deposition transcript or exhibit, or response to discovery which that Party considers in good faith to contain Confidential Personal Information because it identifies, among other things, the social security numbers, residences, personal telephone numbers, grades and attendance records, performance evaluations and disciplinary records, or salary and compensation histories.

   3.   Documents or information may be designated Confidential Personal Information by stamping the relevant page with the designation "Confidential Personal Information" or with an appropriate confidentiality legend.

   4.   Except with the prior written consent of the Party originally designating a document or discovery response as Confidential Personal Information, or as hereinafter provided under section IIIB(1) of this Order, Confidential Personal Information may not be disclosed to any person not associated with this action, including, but not limited to, any Party, law firm, or their agents involved in other litigation with Kaplan or its subsidiaries or its predecessors or successors in interest. Documents or information designated as Confidential Personal Information may be used solely for purposes of this litigation.

**B.   Permissible Disclosures of Confidential Personal Information**

   1.   Notwithstanding IV(A)4, information or documents designated Confidential Personal Information may be disclosed to the extent necessary for this litigation to the persons listed in section

IIIB and consistent with the terms sets forth in section IIIB(1).  Additionally, material designated Confidential Personal Information shall not be disclosed to witnesses (other than those identified in IIIB(1)(e)  or (f)) without first redacting information that may allow the witness to identify the individual whose personal and highly sensitive information is being viewed.  This is necessary in order to protect the privacy interests of those individuals whose information is found in the Confidential Personal Information. Otherwise, these witnesses would inappropriately be able to identify the individual whose highly personal information was being viewed.  Accordingly, material designated Confidential Personal Information shall not be disclosed to any witness (other than those identified in IIIB(1)(e) or  (f)) without first redacting the following information:

   (a) name;

   (b) social security number;

   (c) home addresses and telephone numbers;

   (d) names, addresses, telephone numbers and other identifying information for next of kin;

   (e) beneficiary information;

   (f) marital status;

   (g) bank account information;

   (h) emergency contact information;

   (i) names, addresses, telephone numbers and other identifying information for any references;

   (j) names, addresses, telephone numbers and other identifying information for any friends or relatives;

   (k) criminal records;

   (l) military records; and

   (m) any additional information that may reasonably be construed as allowing the witness or deponent to identify to whom the Confidential Personal Information relates.

  2. Prior to any person being shown Confidential Personal Information pursuant to IIIB (other than a person described in IIIB(1)(e) or (f)), that person must be provided a copy of this Order.

1  Any person receiving Confidential Personal Information pursuant to IIIB(1) shall not reveal or

2  discuss such information to or with any person not entitled to receive such information except as set

3  forth herein.

4  **C.     Objections to Confidential Personal Information**

5          The procedures relating to challenging the designation of Confidential Personal Information

6  material and the designation of deposition testimony as Confidential Personal Information shall be

7  the same as those set forth in section IIIC(1-2) of this Stipulated Protective Order.

8  **D.     Confidential Personal Information in Depositions**

9          Subject to the provisions above, material designated Confidential Personal Information may

10  not be disclosed during deposition without first redacting the information described in IVB(1) above.

11  During the course of the deposition, to the extent redacted documents are required to be used, the

12  Party that utilizes the redacted documents during any questioning at deposition shall, immediately

13  prior to the use of any such document, provide the opposing Party with both a redacted and un-

14  redacted version of the document. Subject to the provisions above, an unredacted document

15  containing Confidential Personal Information may be disclosed during deposition only by agreement

16  of the parties or by order of the Court.  One or both of the parties may provide another proposal to the

17  Court at a later time to modify this Order should this provision be deemed unworkable.

18  **E.     Confidential Personal Information in Legal Proceedings**

19          **1.**     The parties shall follow the procedure set forth in IIIE(1-3) before using Confidential

20  Personal Information in any legal proceeding.  Furthermore, any information identified in IVB(1)

21  shall be redacted before publicly filing any document containing Confidential Personal Information.

22          **2.**     To the extent a document containing Confidential Personal Information is used as an

23  exhibit or attachment to any filing with the Court in the above-captioned litigation, the Party so using

24  the document will file the Confidential Personal Information under seal in strict accordance with

25  Local Rules with documents appropriately designated.

26          **3.**     The use of Confidential Personal Information documents or information at trial or

27  hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the

28  Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

Gibson, Dunn &
Crutcher LLP

## V.   PROTECTED STUDENT INFORMATION

**A.**   Some of the documents requested in this litigation may contain personal and private student information protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"). Pursuant to FERPA, production of such documents in unredacted form may require that notice be given to each and every individual student prior to production. To avoid such delay, the producing party shall redact personal identifying information on any student records prior to producing the requested documents in order to safeguard the privacy of the student information. If it becomes necessary for the parties to produce unredacted versions of these documents, the parties shall meet and confer to determine how best to resolve the matter.

**B.**   In the event that a party inadvertently discloses Confidential or Highly Confidential Information without the proper designation, that party may request confidential treatment of such information or documents by submitting written notice to opposing counsel within 10 days of discovery of the inadvertent disclosure. Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control or in the possession or control of any persons identified in section IIIB(1) to whom they have disclosed such copies.

## VI.   INADVERTENT DISCLOSURE

In the event that a Party or non-party inadvertently discloses Confidential or Confidential Personal Information without the proper designation, that Party or non-party may request confidential treatment of such information or documents by submitting written notice to opposing counsel promptly after the discovery of the inadvertent disclosure. Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control or in the possession or control of any persons identified in section IIIB(1) to whom they have disclosed such copies. To the extent the receiving Party disagrees with the designation, the Parties shall follow the procedure set forth in III(C)(1-2).

## VII.   SUBPOENAS OF CONFIDENTIAL DOCUMENTS/INFORMATION

If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or

entity purporting to have authority to require production of such information, the Party to whom the subpoena or request is directed shall immediately give written notice of the demand to the Party or non-party that designated the information Confidential or Confidential Personal Information. The Party receiving the subpoena or request shall advise the Party serving the subpoena or request of the existence of this Order. The Party receiving the subpoena will not produce the requested Confidential or Confidential Personal Information materials until the last date for production, if no motion to quash or for a protective order is filed, and if such a motion is filed, not until and unless ordered to do so by a court or other judicial body with authority to issue such an order.

## VIII.   LIMITATIONS ON USE

A.      Confidential or Confidential Personal Information documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned litigation. Except as provided for in this Stipulated Protective Order, the Parties shall keep all documents or information covered by the terms of this Stipulated Protective Order from all persons as provided for by the terms of this agreement.

B.      Nothing in this Stipulated Protective Order shall be construed as precluding a Party from seeking additional relief from this order or protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner. Nothing in this Stipulated Protective Order precludes or limits a Party from viewing, using, or disclosing its own Confidential or Confidential Personal Information.

C.      Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if any Party expressly consents to such disclosure of its Confidential Documents and Information or Confidential Personal Information documents, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected Parties, orders such disclosure.

## IX.   TERMINATION OF PROCEEDINGS

All provisions of this Order restricting the communications or use of Confidential or Confidential Personal Information shall continue to be binding after the conclusion of this action,

Gibson, Dunn &
Crutcher LLP

12

1   unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of

2   Confidential or Confidential Personal Information, other than that which is contained in unsealed

3   pleadings, correspondence and deposition transcripts, shall either (a) return such Confidential or

4   Confidential Personal Information no later than 30 days after conclusion of this action or any appeal

5   to counsel for the Party who provided such Confidential or Confidential Personal Information, or (b)

6   destroy such Confidential or Confidential Personal Information within 30 days, after conclusion of

7   this action or any appeal, upon consent of the Party who provided the Confidential or Confidential

8   Personal Information and certify in writing within 30 days that the Confidential or Confidential

9   Personal Information has been destroyed.

### X.   MODIFICATION PERMITTED

11          Nothing in this Stipulated Protective Order shall prevent any Party from seeking modification

12   of the terms of this Order or from objecting to discovery that it believes to be otherwise improper.

### XI.   RESPONSIBILITY OF ATTORNEYS

14          **A.**     The counsel for the parties are responsible for employing reasonable measures,

15   consistent with this Order, to control duplication of, access to, and distribution of copies of

16   Confidential or Confidential Personal Information.

17          **B.**     Nothing contained in this Order and no action taken pursuant to it shall prejudice the

18   right of any Party to contest the alleged relevancy, admissibility or discoverability of any

19   Confidential or Confidential Personal Information.

### COURT APPROVAL

**SO ORDERED:**

DATED:  March 28, 2014

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge

**Accepted and Agreed:**

1   DATED: 3-27        , 2014        GIBSON, DUNN & CRUTCHER LLP
2                                    TIMOTHY J. HATCH
                                     JAMES L. ZELENAY JR.
3                                    /s/ James Zelen    /AJH

        James L. Zelenay Jr.
4                                    Counsel for Kaplan, Inc.

5   DATED: 3-26        , 2014        AGUIRRE, MORRIS & SEVERSON LLP
6                                    MICHAEL J. AGUIRRE
                                     CHRISTOPHER S. MORRIS
7                                    MARIA C. SEVERSON

8
9                                    /s/

        Maria C. Severson
10                                   Counsel for Charles Jajdelski

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBIT A - ACKNOWLEDGMENT**

2  I, _____, have reviewed the protective order entered in the case of

3  *Charles Jajadelski v. Kaplan, Inc.*, Case No. 2:05-CV-01054-KJD-(GWF) and I agree to abide by the

4  terms contained in it.  I understand that all Confidential Information/Documentation or Confidential

5  Personal Information shall not be disclosed pursuant to terms of this Stipulated Protective Order and

6  that all such information must be returned to the producing party following the resolution of this case.

7  Date:_____          Signed:_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP