# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE UNITED STATES OF AMERICA
EX REL. CHARLES JAJDELSKI,

    Plaintiff,

v.

KAPLAN, INC.,

    Defendant.

Case No. 2:05-CV-01054-KJD-GWF

**ORDER**

    Presently before the Court is Defendant Kaplan Inc.'s Motion for Summary Judgment (#174). Plaintiff Charles Jajdelski filed a response in opposition (#188) to which Defendant replied (#192). The Court has also considered the Declarations and Errata in Support of the Opposition (#184/185/186/187/189/190/191).

I. Procedural History and Facts

    Plaintiff, a *qui tam* relator, originally filed this action in the Southern District of California on June 23, 2004, alleging that Defendant had violated the United States False Claims Act ("FCA") through actions taken by Heritage College in Las Vegas, Nevada. Plaintiff also alleged that Defendant was liable for retaliation and wrongful termination under California law for terminating Plaintiff's employment because he was investigating the alleged actions of Defendant.

Defendant Kaplan, Inc. ("Kaplan") owns and operates post-secondary educational and vocational institutions throughout the United States and maintains an office in San Diego, California. On May 8, 2003, an independent subsidiary of Kaplan, Kaplan Higher Education Corporation ("KHEC"), purchased Heritage College ("Heritage"), a post-secondary school founded in 1990 in Las Vegas, Nevada, through its wholly owned subsidiary, Heritage-KHEC, Inc. ("Heritage-KHEC"). Prior to this acquisition, Defendant had no ownership interest in Heritage. Defendant also owns Maric College, a post-secondary institution in San Diego, California.

In early 2003, Plaintiff was hired to work at Defendant's San Diego office. In August 2003 Plaintiff was transferred to Heritage College. However, he maintained his domicile in San Diego, California. Looking at the facts in a light most favorable to non-movant Plaintiff, on or about October 25, 2003, Plaintiff Jajdelski discovered information showing that Heritage-KHEC had violated the FCA by filing fraudulent student financial aid requests. Plaintiff claims employees and officers of Kaplan also had personal knowledge of these alleged fraudulent actions; however, in his initial complaints Plaintiff failed to provide specific allegations regarding the time frame in which the employees acquired such knowledge. Plaintiff amended his initial Complaint once in July 2004 and again in December 2004, but did not expand his claims beyond the original FCA and employment claims. In August 2005, pursuant to Plaintiff's request, this case was transferred to the District of Nevada. Then, on November 29, 2007, Plaintiff filed a Third Amended Complaint, which once again, did not expand the original FCA and employment claims. Nearly a year later, on November 4, 2008, the Department of Justice made a determination not to intervene in this action, leaving Plaintiff to pursue the matter on his own.

In May 2009, in response to Plaintiff's Third Amended Complaint, Defendant filed a motion to dismiss, arguing that Plaintiff had failed to provide any allegations making Defendant responsible for the allegedly fraudulent activity at Heritage. That same month, on May 13, 2009, Plaintiff filed a motion with the MDL Panel, seeking to have this case transferred to the Southern District of Florida to be consolidated with three other cases pending against Kaplan. Although the MDL Panel

transferred the three other cases to Florida in June 2009, it declined to transfer this case on the grounds that this case was simply a "potential tag-along action," and on April 14, 2010 the MDL Panel officially denied Plaintiff's transfer request.  Prior to his unsuccessful attempt to have this case transferred to the MDL court, Plaintiff filed a Motion to Sever and Transfer on December 12, 2009, seeking to sever the employment claims from the FCA claims and have them transferred to the Southern District of California.  Then on January 5, 2010, the deadline for filing a response to Defendant's Motion to Dismiss, Plaintiff filed a Fourth Amended Complaint, in which he added, for the first time in the nearly six year history of this action, a claim alleging new incentive compensation violations.

        The Court denied the Motion to Transfer and Sever and the Motion for Leave to File an Amended Complaint, and granted Kaplan's Motion to Dismiss.  In issuing the Order (#112), the Court permitted Plaintiff one final attempt to plead a valid FCA cause of action against Kaplan (to be called the "Fourth Amended Complaint"), but ordered that the newly amended complaint cure only the defects in the FCA claims and was not to contain incentive compensation claims or other new claims.  Plaintiff filed his Fourth Amended Complaint (#116) on June 18, 2010.  Defendant then filed a Motion to Dismiss (#121) on July 21, 2010. Again the Court found that False Claims Act violations had a heightened pleading standard that Plaintiff had not met. Further, the Court dismissed all claims including Plaintiff's retaliation claims, and declined supplemental jurisdiction over Plaintiff's state law claims. Judgment was entered against Plaintiff who appealed.

        On February 13, 2013, the Ninth Circuit Court of Appeals affirmed the Court's other rulings, but granted the appeal as to Jajdelski's False Claims Act allegations involving the "phantom student scheme." Accordingly, the Court's Order on Mandate (#139) issued on May 9, 2013.  Defendant filed its Answer (#140) on May 24, 2013.  A Discovery Plan and Scheduling Order (#146) issued on July 11, 2013 setting the close of discovery on July 2, 2014 and the deadline for dispositive motions on September 1, 2014.

On July 17, 2014, fifteen days after the close of discovery, Plaintiff filed a Motion to Compel (#166). However, after hearing before the magistrate judge and negotiations between the parties, Plaintiff withdrew the motion to compel on September 9, 2014 which was eleven (11) days after Defendant filed the present motion for summary judgment. Approximately six (6) weeks later, on October 20, 2014, Plaintiff filed his response in opposition to the motion for summary judgment. On October 21, 2014, Plaintiff also filed the Declaration of Counsel Michael J. Aguirre stating, under Federal Rule of Civil Procedure 56 (d), that facts were unavailable to Plaintiff essential to justify his opposition.

## II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

## III.  Analysis

### A. False Claims Act

The Ninth Circuit Court of Appeals found in this action that for pleading purposes it was sufficient to allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to strong inference that claims were actually submitted." See Memorandum, Docket No. 132, p.4-5 (internal quotations omitted). However, now, at the conclusion of discovery and at the summary judgment stage, more is required. In the words of Judge Tallman, "[i]t seems to be a fairly obvious notion that a False Claims Act suit ought to require a false claim. Yet, the plaintiff-appellant in this case filed his action [and] proceeded to summary judgment...without ever...presenting to the court a single false claim submitted by the defendants[.] This flaw is fatal to a *qui tam* action under the False Claims Act." Aflatooni v. Kitsap Physicians Service, 314 F.3d 995, 996 (9th Cir. 2002).

To avoid summary judgment on his *qui tam* action, Jajdelski must present material questions of facts as to each of the following elements: (1) Defendant made a claim against the United States; (2) that was false or fraudulent; and (3) with knowledge of the falsity or fraud. Id. at 1000 (citing United States ex rel. Oliver v. The Parsons Co., 195 F.3d 457, 461 (9th Cir. 1991)). Failure to raise a triable issue of fact as to any of these three elements justifies the summary judgment dismissal of Jajdelski's claims. Id. at 1001. "To survive summary judgment, [the relator] must establish evidence

on which a reasonable jury could find for Plaintiff." Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1420-21 (9th Cir. 1992).

"It is not enough for [Jajdelski] 'to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted.'" Aflatooni, 314 F.3d at 1002(quoting United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002)). Jajdelski must show an actual false claim for payment being made to the Government. Id. "Evidence of an actual false claim is the *sine qua non* of a False Claims Act violation." Id. (internal quotations omitted).

Unfortunately for Jajdelski, he has failed to identify even one false claim during the relevant time period. Despite the mountain of exhibits and declarations submitted with his opposition, Jajdelski failed to cite the Court to any admissible evidence which pinpoints one actionable false claim. Certainly, Plaintiff has done what would be enough to survive a Rule 12(b)(6) motion, that is describe particular details of a scheme to submit false claims paired with reliable indicia that lead to an inference that claims were actually submitted. However, he has failed to submit evidence of the *sine qua non* of an FCA violation: an actual false claim for payment. Therefore, the Court grants Defendant's motion for summary judgment on the FCA claims.

B.  Employment Claim

Jajdelski still seeks to press his retaliation claim arising under the FCA. However, that claim was dismissed by the Court on July 7, 2011 (#125). The Ninth Circuit Court of Appeals affirmed the dismissal of added claims as barred by the statute of limitations. Since Jajdelski first added the retaliation claim arising under the FCA when he filed his Second Amended Complaint on January 5, 2010, it is barred by the statute of limitations which, at best, is six years. See 31 U.S.C. § 3731(b)(1). Since Jajdelski was fired on December 12, 2003, his claim expired before the filing of the amended complaint. Even if the Ninth Circuit's decision barring the claim was not the law of the case covering this cause of action, Jajdelski was employed and terminated by KHEC-Heritage, not Defendant Kaplan, Inc. Therefore, Jajdelski has sued the wrong entity. Thus, even if the

employment claim was still active, the Court would grant summary judgment for Defendant and against Plaintiff.

### C. Plaintiff's Rule 56(d) Motion

Plaintiff asserts that Kaplan has restricted discovery in the case to Kaplan's theory of the case and that there are facts in Kaplan's possession needed to oppose the motion for summary judgment. Plaintiff asks the Court to deny the motion for summary judgment because Kaplan withheld discovery or to enter an order requiring Kaplan to produce the discovery. However, Plaintiff has waited until the proverbial eleventh hour to make his motion. Despite having a year to pursue discovery and apparently being unhappy with Defendant's production, Plaintiff waited until discovery had been closed fifteen (15) days to file his first motion to compel on July 17, 2014. Then, after a hearing before the magistrate judge, he withdrew the motion to compel after Kaplan produced information that he sought. Crucially, he withdrew the motion to compel having before him the present motion for summary judgment detailing the holes in his evidence. The Court denies Plaintiff's request for additional discovery because he was not diligent in pursuing his previous discovery opportunities. See Nev. Dept. of Corrections v. Greene, 648 F.3d 1014, 1020 (9th Cir. 2011)(citing Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994)).

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Kaplan Inc.'s Motion for Summary Judgment (#174) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 9th day of March 2015.

_____
Kent J. Dawson
United States District Judge

7